IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JOHN BAXLEY, JR.,
ERIC L. JONES,
SAMUEL STOUT,
AMBER ARNETT,
EARL EDMONDSON,
JOSHUA HALL,
DONNA WELLS-WRIGHT,
ROBERT WATSON,
HEATHER REED, and
DANNY SPIKER, JR.,
on their own behalf and
on behalf of all others similarly situated,

                Plaintiffs,

v.                              CIVIL ACTION NO. 3:18-1526
                                (Consolidated with 3:18-1533 and 3:18-1436)

BETSY JIVIDEN, in her official capacity as
Commissioner of the West Virginia Division of
Corrections and Rehabilitation and
THE WEST VIRGINIA DIVISION OF
CORRECTIONS AND REHABILITATION, and
SHELBY SEARLS, in his official capacity as
the Superintendent of Western Regional Jail
and Correctional Facility,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Currently pending and ripe for review is a "Motion for Leave to File a Third-Party Complaint and Cross-Claims" filed by Defendants Betsy Jividen and Shelby Searls. *Mot. for Leave*, ECF No. 81. Plaintiffs timely filed a Response in Opposition, and Defendants did the same with their Reply. *Resp. in Opp'n*, ECF No. 83; *Reply*, ECF No. 99. The issues have been fully and

capably briefed, and so the Court dispenses with the need for oral argument. For the reasons set forth below, the Court **DENIES** the motion.

## I. BACKGROUND

### A. Factual Allegations

This putative class action arises from allegations that the West Virginia Department of Corrections and Rehabilitation ("WVDCR") has failed "to meet its minimum constitutional requirements of ensuring the safety and health of inmates in its custody at West Virginia regional jails." *Resp. in Opp'n*, at 1. The ten named plaintiffs have divided themselves into two putative classes: Class A, which centers on the defendants' alleged failure to provide medical and mental health treatment to inmates upon admission, and Class B, which centers generally on the conditions of confinement at the Western Regional Jail.[1] *See Second Am. Compl.*, ECF No. 67, at ¶¶ 24–241.[2]

It is the subset of allegations in Class A that are of particular importance to Defendants' motion. The named Class A plaintiffs point to a range of shortcomings on the part of prison officials and medical staff, ranging from withholding antiretroviral medications from an HIV-positive plaintiff to mixing different types of insulin before administering the hybridized drug to a diabetic plaintiff. *Id.* at ¶¶ 164, 175. While these allegations point to generally deficient performance by prison authorities, they also point to clear failures by medical staff. This distinction forms the basis for the instant motion, which seeks to implead PrimeCare Medical, Inc. ("PrimeCare") and Wexford Heath Sources, Inc. ("Wexford Health"). *Mot. for Leave,* at 4. Both medical providers contract with the WVDCR to provide medical and mental health services to

---

[1] Class B specifically points to filthy living conditions, a lack of bedding, a lack of access to hygiene products, and a lack of access to laundry services. *See id.* at ¶¶ 198–230.
[2] Though entitled the "First Amended Class Action Complaint for Injunctive and Declaratory Relief"—and docketed as the same—ECF No. 67 is really the *Second* Amended Complaint.

inmates in correctional facilities across West Virginia, and employ the staff members implicated in the Second Amended Complaint. *Id.* at 5.

**B. Procedural History**

On December 18, 2018, this action commenced as three individual *pro se* lawsuits filed by Plaintiffs Baxley, Stout, and Jones. *See*, *e.g.*, *Compl.*, ECF No. 1. The actions were eventually consolidated, and Plaintiffs' present counsel assumed representation. *Order*, ECF No. 13. On April 25, 2019, Plaintiffs filed their First Amended Complaint. *Am. Compl.*, ECF No. 18. The First Amended Complaint included a bevy of allegations stemming from inmates' inadequate access to medical care, but Defendants did not seek leave to implead PrimeCare or Wexford Health upon reviewing it. *See*, *e.g.*, *id.* at ¶¶ 10–55.

The Court held a scheduling conference with both parties on October 7, 2019, and discovery commenced the next day. Substantial documentary evidence was exchanged over the course of the following months, and Plaintiffs conducted two depositions. *Resp. in Opp'n*, at 3. Plaintiffs timely filed a motion for leave to file a Second Amended Complaint on December 13, 2019—the agreed-upon deadline to join new parties. *Mot. to File Second Am. Compl.*, ECF No. 62, at 1. The proposed Second Amended Complaint did not alter the basic nature of Plaintiffs' claims or their class definitions, but joined several new named plaintiffs. *See generally id.* The Court granted the motion six days later. *Order*, ECF No. 66. While Defendants did not seek to implead PrimeCare or Wexford Health before the deadline for joinder had passed, it did so on January 14, 2020 by filing the instant motion. The Court turns to a consideration of that motion below.

## II. DISCUSSION

Defendant argues that its claims against PrimeCare and Wexford Health are appropriate under Rules 13 and 14 of the Federal Rules of Civil Procedure. As Rule 13 governs crossclaims and Rule 14 governs third-party complaints, the Court will consider Defendants' contentions separately below.

### A. Rule 13

Though Defendants mention Rule 13 of the Federal Rules of Civil Procedure on the first page of their motion, they do not base any portion of their argument on its provisions. *Mot. for Leave*, at 1. This much is appropriate, as Rule 13 is the incorrect vehicle for joining PrimeCare and Wexford Health in this action. Under Rule 13, "a pleading may state as a crossclaim any claim by one party *against a coparty* if the claim arises out of the same transaction or occurrence that is the subject matter of the original action or of a counterclaim." Fed. R. Civ. P. 13(g) (emphasis added). As this language suggests, only once a crossclaim is raised against an existing party will a court consider whether new parties can or must be joined with respect to that new claim. *See* Fed. R. Civ. P. 13(h). "This means that a counterclaim or crossclaim may not be directed solely against persons who are not already parties to [an] original action, but must involve at least one existing party." 6 C. Wright & A. Miller, *Federal Practice & Procedure Civ.* § 1435 (3d ed.). Consideration of whether joinder is appropriate under Rule 13—and, in turn, Rules 19 and 20—is therefore unwarranted where crossclaims are raised solely against nonparties. As neither PrimeCare nor Wexford Health are parties to this action, the Court will not analyze Defendants' motion under Rule 13.

## B. Rule 14

Under Rule 14(a)(1) of the Federal Rules of Civil Procedure, a "defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable for all or part of the claim against it." Where a party seeks to file a third-party complaint more than fourteen days after filing its original answer, it must obtain a court's permission to do so. Fed. R. Civ. P. 14(a)(1). "Granting leave to bring a third party into an action pursuant to Rule 14(a)(1) falls within the sound discretion of the trial judge and should be liberally construed." *Wright v. Bigger*, No. 5:08CV62, 2008 WL 4900566, at *1 (N.D.W. Va. Nov. 13, 2008) (citing *Baltimore & Ohio R.R. Co. v. Saunders*, 159 F.2d 481, 483–84 (4th Cir. 1947)). Nevertheless, "courts need not permit [a] defendant to implead a third party when doing so might prejudice the original plaintiff or the third-party defendant." *Dishong v. Peabody Corp.*, 219 F.R.D. 382, 385 (E.D. Va. 2003). "If bringing in [a] third party will introduce unrelated issues and unduly complicate the original suit, impleader may be denied." *United States v. Dobrowski*, 16 F.R.D. 134, 136 (D. Md. 1954).

With this legal framework in mind, Defendants contend that the nature of Plaintiffs' claims, the provisions of its contract with the medical contractors, and the interests of judicial economy weigh in favor of granting leave to file a third-party complaint. Plaintiffs disagree, and argue that Defendants' motion is untimely and prejudicial, that the contractors are unnecessary parties based on the declaratory and injunctive nature of their claims for relief, that claims for indemnity are best resolved outside the present action, and that judicial economy is not served by impleading new parties. The Court concurs.

At the outset, the Court registers its confusion with the timing of Defendants' motion. In the first paragraph of the First Amended Complaint—which, again, was filed in April 2019—

Plaintiffs squarely allege that they "seek to ensure that jails in West Virginia promptly provide appropriate and necessary medical and mental health treatment to inmates upon admission." *Am. Compl.*, at ¶ 1. The First Amended Complaint goes on to detail a litany of alleged constitutional violations based on the failure to provide adequate medical and mental health treatment over the course of six pages and forty-five paragraphs. *Id.* at ¶¶ 10–55. Despite all this, Defendants seem to contend that they did not comprehend the advisability of filing a third-party complaint until the Second Amended Complaint was filed in December 2019. *Reply*, at 3. This is preposterous. That the Second Amended Complaint includes additional factual allegations on behalf of new plaintiffs does not alter the fact that the First Amended Complaint is clear in its indictment of the medical and mental health care available in West Virginia correctional facilities. Even assuming it were inadequate in this regard, Defendants waited over a month after the filing of the Second Amended Complaint to file their motion. The Court has little trouble concluding that Defendants' inordinate delay in seeking to implead PrimeCare and Wexford Health would prejudice the plaintiffs, who have already invested substantial time and resources in the discovery process solely against the current defendants. This prejudice weighs heavily in the Court's consideration of Defendants' motion. *See Dishong*, 219 F.R.D. at 385.

Beyond mere prejudice, the Court is unpersuaded that the contractual relationship between Defendants and the proposed third parties favors impleading PrimeCare and Wexford Health. Though Defendants argue that the WVDCR "provides no direct medical treatment whatsoever and relies upon contractually[-]retained medical and mental health[]care providers to provide constitutionally adequate services," *Mot. for Leave*, at 6, they ignore the legal reality that "[c]ontracting out prison medical care does not relieve the State of its constitutional duty to provide adequate medical treatment to those in its custody," *West v. Atkins*, 487 U.S. 42, 56 (1988). In any

event, determining whether the medical vendors' contractual obligations indemnify Defendants is a question of contract law that is wholly independent from Plaintiff's civil rights claims. This is precisely the sort of "unrelated issue" courts seek to avoid injecting into a suit through impleader. *See Dobrowski*, 16 F.R.D. at 136.

As a final matter, the Court is also not persuaded that adding PrimeCare and Wexford Health to this suit would serve the interests of judicial economy. As Plaintiffs point out, substantial discovery has already been completed—including two depositions and the exchange of thousands of pages of documents. *Resp. in Opp'n*, at 11. Adding new parties at this point would inevitably require time for counsel to familiarize themselves with the factual and procedural posture of this case, leading to further delay. Nor would adding a potential contractual dispute to this putative civil rights class action do anything to streamline the issues presently before the Court. Simply put: Defendants' inordinate delay in filing their motion—combined with the absence of any compelling reason for PrimeCare and Wexford Health to be involved with this case—weigh against impleader. The Court accordingly exercises its discretion to deny leave for Defendants to file their proposed third-party complaint.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' motion, ECF No. 81, and **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER: February 12, 2020

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE