IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

**JOHN BAXLEY, JR.,
ERIC L. JONES,
SAMUEL STOUT,
AMBER ARNETT,
EARL EDMONDSON,
JOSHUA HALL,
DONNA WELLS-WRIGHT,
ROBERT WATSON,
HEATHER REED,
and DANNY SPIKER, JR.,
on their own behalf and on behalf of all others similarly situated**,

       **Plaintiffs**,

v.                                    **CIVIL ACTION NO. 3:18-1526**
                                                   **(Judge Chambers)**

**BETSY JIVIDEN, in her official capacity as Commissioner
of the West Virginia Division of Corrections and Rehabilitation and
THE WEST VIRGINIA DIVISION OF CORRECTIONS AND REHABILITATION, and
SHELBY SEARLS, in his official capacity as
the Superintendent of Western Regional Jail and Correctional Facility**,

       **Defendants.**

**MEMORANDUM IN SUPPORT OF THE AMERICAN CIVIL LIBERTIES UNION
OF WEST VIRGINIA'S EXPEDITED MOTION FOR LEAVE TO INTERVENE FOR
THE LIMITED PURPOSE OF SEEKING TO UNSEAL COURT RECORDS**

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, the American Civil Liberties Union of West Virginia (ACLU-WV) moves this Court for leave to intervene for the limited purpose of seeking public access to portions of the record filed in this case by Plaintiffs and Defendants under seal. Because this motion pertains to an urgent public health concern—specifically, what, if any, policies Defendant has implemented to protect incarcerated individuals in light of COVID-19—movant respectfully requests this Court expedite the deadline for responsive briefing and set, if necessary, a hearing on this matter.

I.   **BACKGROUND**

On March 25, 2020, Plaintiffs—incarcerated individuals who filed suit in December 2018 seeking relief to ensure that proper and necessary medical care is provided in West Virginia jails—filed an emergency motion in this action requesting a preliminary injunction in light of COVID-19. Dkt. 161. The injunction, if granted, would require Defendants to "immediately develop and implement an appropriate plan for the prevention and management of COVID-19 in the State's prisons and jails, as well as order other appropriate relief to ensure that infection does not spread unabated to inmates, correctional staff, and others in [the West Virginia Division of Corrections and Rehabilitation's] custody." *Id.* On March 26, this Court entered an Order establishing deadlines for expedited briefing and set a telephonic hearing for the following week. Dkt. 165. On March 30, Defendants filed a response to Plaintiffs' motion and requested the Judge issue an order that would permit the Defendants to file its policies under seal and allow the Court to review the documents *in camera*. Dkt. 168. On April 1, the Court held a telephonic hearing and ordered Defendants to provide to the Court a copy of its COVID-19 response plan, to be filed under seal. Dkt. 176. The Order further required Plaintiffs to file a declaration, also to be held under seal, from their public health expert in response to Defendants' plan. Dkt. 179. On April 6, a hearing by video on Plaintiffs' emergency motion was held, and the Court denied Plaintiffs' request for a preliminary injunction. Dkt. 182.

Almost one month prior to the April 6 hearing, undersigned counsel in this matter submitted a request to Commissioner Jividen pursuant to the West Virginia Freedom of Information Act (FOIA), West Virginia Code Section 29B-1-1, *et seq.,* seeking the Division of Corrections and Rehabilitation's (DOCR) COVID-19 response plan. Ex. A. The DOCR declined the request, stating that its plans were "exempt from disclosure" pursuant to an exemption from West Virginia's FOIA that permits the state's correctional facilities to withhold policy directives that, if released, could endanger public safety. Ex. B.

Movant on April 9 filed a habeas petition with the Supreme Court of Appeals of West Virginia seeking expedited relief from the court on behalf of 39 incarcerated petitioners in

danger of contracting COVID-19 if the virus were to enter the state's correctional facilities. Ex. C. Defendant Commissioner Jividen is a named respondent in that matter. *Id.*

Movant now files this expedited motion to intervene as well as an accompanying motion to lift the Court's seal on the documents currently held under protective order.

## II.    INTEREST OF MOVANT

Movant is a non-partisan, non-profit membership organization whose mission is to ensure the Bill of Rights and rights guaranteed by the West Virginia Constitution are preserved for each new generation. The ACLU-WV accomplishes these goals through litigation, legislative advocacy, grassroots organizing, and public education. The ACLU-WV has a long history of legal advocacy for government transparency and protecting the interests of the rights of the incarcerated.

Movant seeks to intervene for the limited purpose of moving to unseal court records pertaining to the Division of Correction and Rehabilitation and Department of Military and Public Safety's response plans for correctional facilities under its purview in response to the COVID-19 health crisis. The issues raised in the documents sealed by the United States District Court for the Southern District of West Virginia in this case have significant implications for those incarcerated in West Virginia correctional facilities, the loved ones of incarcerated individuals, as well as for those employed in West Virginia's correctional facilities.

## III.   ARGUMENT

The Fourth Circuit has recognized, under both the common law and the First Amendment, that court records are presumptively open for public inspection, and that intervention is the proper procedural mechanism for seeking unsealing, and it has allowed intervention for the purpose of seeking unsealing. *See e.g.*, *Company Doe v. Public Citizen*, 749 F.3d 246, 257 (4th Cir. 2014); *Stone v. University of Maryland Med. System Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). Many other state and federal courts have similarly upheld the right of third parties to seek intervention to seek unsealing. *See e.g.*, *Flynt v. Lombardi*, 782 F.3d 963, 966 (8th Cir. 2015); *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 657 (3d

Cir. 1991); *Public Citizen v. Liggett Grp.*, 858 F.2d 775, 783 (1st Cir.1988); *In re Agent Orange Prod. Liab. Litig.*, 821 F.2d 139, 144 (2d Cir. 1987); *Rocky Mt. Bank v. Google, Inc.*, 2010 WL 11545710, at *2 (N.D. Cal. Jan. 27, 2010), *rev'd on other grounds*, 428 Fed. App'x. 690, 692 (9th Cir. 2011); *Cardiac Pacemakers, Inc. v. Aspen II Holding Co.*, 2006 WL 3043180, at *2 (D. Minn. Oct. 24, 2006); *Chao v. Estate of Fitzsimmons*, 349 F. Supp. 2d 1082, 1085 (N.D. Ill. 2004), opinion clarified, 2004 WL 3094821 (N.D. Ill. Dec. 9, 2004); *Verni ex rel. Burstein v. Lanzaro*, 404 N.J.Super. 16, 960 A.2d 405 (2008); *Hammock by Hammock v. Hoffman-LaRoche*, 142 N.J. 356, 662 A.2d 546 (1995).

Permissive intervention under Federal Rule of Civil Procedure 24(b) is the appropriate mechanism for non-parties to an action to seek access to judicial records. *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990) (citing *Public Citizen v. Liggett Group*, 858 F.2d at 783). See also *In re Grand Jury Subpoena*, 836 F.2d 1468, 1470 (4th Cir. 1988) (permissive intervention would have been proper way for nonparty to civil litigation to seek access to deposition transcripts subject to protective order). Rule 24(b)(1) provides, in pertinent part, that "[o]n timely motion, the court may permit anyone to intervene who: ... (B) has a claim or defense that shares with the main action a common question of law or fact."

Notably, the District Court in the Northern District of West Virginia in January of this year granted a motion by four non-profit movants to intervene to unseal court records in a similar matter. *See Order Granting Mot. Intervene, Granting Mot. Unseal Recs., and Unsealing Two Docs.*, *Hosaflook v. Ocwen Loan Serv'g.*, 1:17-cv-00028-IMK (filed Jan. 20, 2020), attached to this memorandum as Exhibit D. In doing so, the Court noted that the nonprofits represented the public (in that case, consumers) and its interests and that the people they represent share claims in common with those at issue in this case. *Id.* at 3. Therefore, the Court concluded that it was "a proper exercise of its discretion" to permit the four movants to intervene in the matter. *Id.*

Here, movant is counsel of record in a matter centered on COVID-19 and the health risks the virus poses to incarcerated individuals in the event of an outbreak in West Virginia's prisons and jails. Ex. C. Further, core to movant's organizational mission is to demand protection from

4

the government for society's most vulnerable, including those that are incarcerated. Just as in *Hosaflook*, it would be "a proper exercise of [the Court's] discretion" to permit the movant to intervene.

Given that the Court has ruled on Plaintiffs' emergency request for relief, the motion to intervene is timely, as no "adjudication of the rights of the existing parties" will be prejudiced by movants' intervention at this time. *United Nuclear*, 905 F.2d at 1427 (timeliness "to be determined from all the circumstances") (quoting *NAACP v. New York*, 413 U.S. 345, 365-66 (1973)).

Finally, movants are well-positioned to represent the public's right of access given their strong interests in demanding government transparency and access to democracy.

### IV. CONCLUSION

The motion by the American Civil Liberties Union of West Virginia for leave to intervene should be granted.

**Respectfully submitted,**

**AMERICAN CIVIL LIBERTIES UNION OF
    WEST VIRGINIA FOUNDATION**

/s/ Loree Stark_____
Loree Stark
West Virginia Bar No. 12936
WV Bar No. 12936
ACLU of West Virginia Foundation
P.O. Box 3952
Charleston, WV 25339-3952
(914) 393-4614 / (304) 345-0207 (f)
lstark@acluwv.org

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### HUNTINGTON DIVISION

**JOHN BAXLEY, JR.,**
**ERIC L. JONES,**
**SAMUEL STOUT,**
**AMBER ARNETT,**
**EARL EDMONDSON,**
**JOSHUA HALL,**
**DONNA WELLS-WRIGHT,**
**ROBERT WATSON,**
**HEATHER REED,**
**and DANNY SPIKER, JR.,**
**on their own behalf and on behalf of all others similarly situated**,

      Plaintiffs,

v.                                **CIVIL ACTION NO. 3:18-1526**
                                                **(Judge Chambers)**

**BETSY JIVIDEN, in her official capacity as Commissioner**
**of the West Virginia Division of Corrections and Rehabilitation and**
**THE WEST VIRGINIA DIVISION OF CORRECTIONS AND REHABILITATION, and**
**SHELBY SEARLS, in his official capacity as**
**the Superintendent of Western Regional Jail and Correctional Facility**,

      Defendants.

## CERTIFICATE OF SERVICE

I, Loree Stark, do hereby certify that on this 10th day of April, 2020, I electronically filed a true and exact copy of *Memorandum in Support of American Civil Liberties Union of West Virginia's Expedited Motion for Leave to Intervene for the Limited Purpose of Seeking to Unseal Court Records* with the Clerk of Court and all parties represented by counsel using the CM/ECF System.

                                                        /s/ Loree Stark_____
                                                        West Virginia Bar No. 12936