### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

**JOHN BAXLEY, JR., *ET AL.*,**

**Plaintiffs,**

**vs.**                                                             **Civil Action No. 3:18-cv-01526**

**BETSEY JIVIDEN, *ET AL.*,**

**Defendants.**

### ORDER

Pending before the Court is ***Plaintiffs' Third Motion to Compel Discovery*** (ECF No. 238)[1]

On July 16, 2020, the undersigned hosted an informal telephonic conference concerning this matter during which the parties indicated that additional time was necessary to determine if a resolution could be reached in this discovery dispute. Since then, the parties have met and conferred further, however, they have represented to the Court that certain issues related to the Motion remain unresolved:

1.  Plaintiffs' Requests for Production Numbers 9, 11, 21, 60-62, 64, 65, that concern only those documents related to Northern Regional Jail, where Defendant West Virginia Division of Corrections and Rehabilitation's ("DCR") medical contractor is Wexford Health Systems. These are documents are related to patient health records, audits, and reviews. DCR maintains that these items are in the possession of Wexford and not DCR. Plaintiffs maintain that DCR is required to provide documents within the possession and control of its agents and/or provide additional documentation of the purportedly reasonable efforts that it has made to obtain said records.

2.  Plaintiffs' Requests for Production Numbers 21 and 63, that concern documents related to DCR employee Debbie Hissom, as well as contractor employees

---

[1] As indicated by the parties, items related to production requests raised in Plaintiffs' Second Motion to Compel Discovery (ECF No. 131) remained unresolved to date (specifically, Plaintiffs assert that Requests for Production Numbers 1, 2, and 3-5 are outstanding, thus necessitating filing of their Third Motion to Compel Discovery).

providing inmate care at Northern Regional Jail, where Wexford is the contractor. These are documents related to personnel files and staff evaluations related to patient care and medical oversight. DCR maintains that the items other than those regarding Debbie Hissom are in the possession of Wexford and not DCR. Plaintiffs maintain that DCR is required to provide documents within the possession and control of its agents and/or provide additional documentation of the purportedly reasonable efforts made to obtain said records.

3. Plaintiffs' Request for Production Number 59. This relates specifically to records for the named Plaintiffs regarding incident reports and use of force reports.

For the reasons stated *infra*, the undersigned **GRANTS** Plaintiffs' ***Motion***:

## Background

This case is a putative class action against Defendants for alleged failures to provide basic and necessary medical and mental health care to inmates in Defendants' custody and control at West Virginia Regional Jails. Defendants contract with Wexford Health Systems to provide medical and mental health care for inmates at Northern Regional Jail.

## Plaintiffs' Argument in Support of Motion to Compel

With regard to Requests for Production Numbers 9, 11, 21, 61, 64, 65, Plaintiffs assert that Defendant had objected to same, stating that documents responsive to these Requests are in the custody/control of Wexford. Plaintiffs contend that these Requests seek information that deposition testimony revealed is produced to Defendants regularly by its contracted agent, reflects meetings in which Defendants participate, and by virtue of the contractual relationship, Defendants would be entitled to this information anyway. Plaintiffs argue this information is relevant and proportional to the needs of this case, particularly with regard to class certification.

Plaintiffs further complain that Defendants objected to Requests for Production Numbers 61 and 64 citing confidentiality concerns regarding mortality reviews, and indicated Wexford objected to disclosure on that basis as well. However, Plaintiffs note that redactions can be made the ensure confidentiality is preserved, and further, state-law peer review privilege does not apply

in these proceedings. Despite Defendants having represented that they have had communications with Wexford on these matters, Defendants have not produced information regarding these communications, which would also be responsive to Plaintiffs' Requests.

With regard to Request for Production Number 63, which concerns personnel files of employees and contractors for DCR who have medical training or make medical decisions, Plaintiffs assert they have clarified to Defendants that they want information concerning an individual contracted with Defendants regarding medical contracts – not personal information that would unreasonably invade privacy or information to which Defendants are entitled to withhold pursuant to state law. This information is appropriate for disclosure under state law, however, Defendants have not disclosed any responsive information.

With regard to Request for Production Number 59, which concerns files of named Plaintiffs that include disciplinary and use of force reports, Plaintiffs argue that these records are relevant and proportional to the needs of this case because deposition testimony from at least one named Plaintiff revealed that his mental health treatment was deliberately withheld by correctional staff in order to trigger a mental health crisis allowing for correctional staff to use as pretext to employ physical force to restrain or subdue him. Defendants objected on grounds these are irrelevant.

With regard to Request for Production Number 60, concerning autopsy reports and internal and external investigations related thereto, Plaintiffs assert that these documents are relevant and proportional to their claims that necessary and basic medical care has been provided or not. Defendants objected on ground of confidentiality. Plaintiffs counter that the protective order entered in this matter would cover confidences, and further, despite Defendants' contention that Plaintiffs can obtain these records from the medical examiner, Defendants have access to these records and are obligated to produce them.

With regard to Request for Production Number 62, which concern records related to inmate suicides, Defendants have stated these were already produced, however, Plaintiffs claim they are unable to locate such responsive documents in the materials produced thus far. Plaintiffs maintain these materials are still relevant and proportional to the needs of this case and must be produced.

**Defendants' Opposition to Plaintiffs' Third Motion to Compel**

Defendants contend that they have timely responded to Plaintiffs' discovery requests and have produced over 10,000 pages of documentation. Further, they argue that Plaintiffs' motion is untimely – it should have been filed no later than June 10, 2020, and during the parties' meet and confer on the issues related to their discovery responses, Defendants' counsel pointed out to Plaintiffs' counsel about the deadline, however, Plaintiffs counsel made no efforts to stipulate to an extension of the deadline. Therefore, Plaintiffs' motion should be denied on this basis.

Defendants further state that with regard to Plaintiffs' Requests for Production Numbers 59 and 62, these are moot issues because Defendants have since produced responsive information to these Requests. However, with regard to materials sought in Plaintiffs' Request for Production Number 59 that concerns disciplinary files, Defendants maintain that such information is irrelevant to Plaintiffs' claims.

With regard to Requests for Production Numbers 9, 11, 21, 61, 64, and 65, Defendants maintain that Wexford is not a parent or subsidiary corporation of Defendants or in any way related thereto, and Defendants do not have custody of the responsive documentation. Defendants have advised Plaintiffs to make their documentation requests of Wexford. Defendants have made Wexford aware of Plaintiffs' Requests and have passed the objections onto Plaintiffs. Defendants are unable to do anything further.

With regard to Request for Production Number 63, Defendants maintain this information

is confidential.

With regard to Request for Production Numbers 60 and 62, Defendants maintain that this information is confidential, however, Plaintiffs may obtain same from the medical examiner's office by following statutory procedures for same.

### Plaintiffs' Reply in Support of Third Motion to Compel

Plaintiffs emphasize that the information sought is necessary to prepare the instant case for class certification and for trial. Plaintiffs assert that Defendants' objections in discovery indicates they intent to argue at the class certification stage that Plaintiffs have produced inadequate evidence of widespread practice to justify class certification. Plaintiffs argue that precisely because Defendants have refused to produce responsive information or obtain it from a source within their control is the reason why Plaintiffs have been forced to file the instant motion.

Plaintiffs characterize Defendants' primary objections to the motion as being based on technical and procedural grounds, and not of substance, should therefore be overruled and that Defendants be compelled to produce the responsive documents.

Further, Plaintiffs disagree that their motion should be denied for being untimely – it pertains to not only issues that remain unresolved from earlier discovery requests, but were also timely raised in their second motion to compel that were not resolved by this Court following the hearing on same. Regardless, reasonable cause exists for the thirteen-day delay in filing the instant motion, as Defendants are withholding responsive documentation to defeat class certification, and thereby avoiding remedying the constitutional failures in the system of care for inmates. Plaintiffs also accommodated Defendants by permitting extensions to the deadlines for responding to discovery requests as well as numerous extensions allowing for Defendants to supplement their responses when it became apparent there were deficiencies, including as recently as the date of the

filing of Plaintiffs' Reply.

Contrary to Defendants' assertion otherwise, Plaintiffs maintain that the aforementioned Requests for Production are not moot, as these Requests remain outstanding as they are not complete. To the extent Defendants have withheld responsive documentation on the basis of privilege or confidential protections, Plaintiffs disagree with Defendants and assert such bases for refusal to disclose are misplaced. To the extent that Defendants have documentation within their possession and control, this information should be disclosed to Plaintiffs to spare them the onerous expense of having to obtain same from an outside entity.

With regard to the Requests for Production concerning information ostensibly held by Wexford, Plaintiffs argue that Defendants are responsible for obtaining information from their agents in discovery and notes that they cannot limit their answers to matters within their knowledge and ignore information that is immediately available to them or under their control, even if that information is available from other agents or representatives, such as Wexford, and if Defendants cannot obtain same, they must so state under oath and set forth in detail the efforts they have made to obtain the information.[2] Defendants have done none of this, only refused to provide responsive information.

Plaintiffs ask this Court to compel Defendants to produce those materials responsive to these outstanding discovery requests and to award Plaintiffs' fees and costs in pursuing this Motion.

## Relevant Law

Pursuant to Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure, a court is required,

---

[2] Nat'l Fire Ins. Co. of Hartford v. Jose Trucking Corp., 264 F.R.D. 233, 238–39 (W.D.N.C. 2010) (internal citations omitted, emphasis added).

on motion or on its own, to limit the frequency and extent of discovery, when:

(1) the discovery sought is unreasonably cumulative or duplicative;

(2) the discovery can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(3) the party seeking the discovery has already had ample opportunity to collect the requested information by discovery in the action; or

(4) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Thus, "[r]elevance is . . . the foundation for any request for production, regardless of the individual to whom a request is made." Cook v. Howard, 484 Fed. App'x. 802, 812 (4th Cir. 2012). This Rule "cautions that all permissible discovery must be measured against the yardstick of proportionality." Lynn v. Monarch Recovery Management, Inc., 285 F.R.D. 350, 355 (D. Md. 2012) (quoting Victor Stanley, Inc. v. Creative Pipe, Inc., 269 F.R.D. 497, 523 (D. Md. 2010)). To ensure that discovery is sufficient, yet reasonable, district courts have "substantial latitude to fashion protective orders." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984). "[I]t remains true that 'relevancy in discovery is broader than relevancy for purposes of admissibility at trial.' " In re: American Medical Systems, Inc. Pelvic Repair Systems Product Liability Litigation, Nos. 2:14-cv-11870, 2:14-cv-28142, 2016 WL 4411506, at *2 (S.D. W.Va. Aug. 17, 2016) (Eifert, M.J.) (quoting Amick v. Ohio Power Co., No. 2:13-cv-6593, 2013 WL 6670238, at *1 (S.D. W. Va. Dec. 18, 2013)).

## Discussion

As an initial matter, pursuant to Local Rule of Civil Procedure 37.1(c), it is noted that the thirty-day time frame to file a motion to compel discovery may be extended for good cause:

> Motions to compel or other motions in aid of discovery not filed within 30 days after the discovery response or disclosure requirement was due are waived, and in no event provide an excuse, good cause or reason to delay trial or modify the scheduling order. **The 30-day deadline may be extended by court order for good cause shown**, or by stipulation of the parties, so long as the extension does not interfere with the scheduling order.

In other words, "the Court has discretion to examine the circumstances surrounding an untimely motion to compel in order 'to avoid what may constitute overly 'technical' applications of the Rule.' " Patrick v. Teays Valley Trustees, LLC, 297 F.R.D. 248, 254 (N.D.W. Va. 2013), *aff'd sub nom.* Patrick v. PHH Mortg. Corp., 298 F.R.D. 333 (N.D.W. Va. 2014) (quoting Ayers v. Continental Cas. Co., 240 F.R.D. 216, 225 (N.D.W. Va.2007)); *see also* Mills v. E. Gulf Coal Preparation Co., LLC, 259 F.R.D. 118, 134 (S.D.W. Va. 2009). Here, Plaintiffs have filed their Third Motion to Compel Discovery just thirteen days after the deadline provided by the aforementioned Local Rule – the undersigned notes that Plaintiffs served their Third Combined Discovery Requests on Defendant on March 10, 2020 (ECF No. 151), that Defendants moved for a thirty-day extension to respond to same by May 11, 2020 (ECF No. 155) and which was granted by this Court (ECF No. 164). Defendants submitted its responses on May 11, 2020 (ECF No. 218). It is also not lost on the undersigned that Defendants have continued to supplement their responses to Plaintiffs' third set of discovery requests on June 26, 2020 (ECF No. 240), July 2, 2020 (ECF No. 247), and July 15, 2020 (ECF No. 256). In short, the undersigned **FINDS** good cause has been amply demonstrated by Plaintiffs for the thirteen day delay in filing their Third Motion to Compel Discovery, given that Defendants *continue* to supplement their responses to Plaintiffs' third set of discovery requests, and especially because Plaintiffs' Third Motion to Compel also concern

matters that were timely raised in Plaintiffs' Second Motion to Compel that remain unresolved to date, to which Defendants concede (ECF No. 251).

Moreover, given the pertinent law on the latitude afforded to litigants in obtaining discovery, the undersigned **FINDS** that Plaintiffs' requests for production, specifically those outlined by the parties in their respective briefs, are relevant, sufficiently tailored to the issues concerning this civil action, and are proportional to the needs of this case. Moreover, having examined the pleadings filed herein and from the discussions held during telephone conference concerning these matters, the undersigned hereby **OVERRULES** Defendants' objections to Plaintiffs' discovery requests and **GRANTS** Plaintiffs' ***Second*** and ***Third Motions to Compel Discovery*** (ECF Nos. 131, 238) as to those outstanding issues that concern the identified Requests for Production, *supra*, for documents pertaining to patient health records, audits and reviews, personnel files and staff evaluations concerning patient care related to the Northern Regional Jail, where Defendant West Virginia Division of Corrections and Rehabilitation's medical contractor is Wexford Health Systems as well as those inmate records that pertain to named Plaintiffs involving disciplinary and use of force reports.[3] Indeed, despite Defendants' assertions of privilege or confidentiality concerns for the materials requested by Plaintiffs, the undersigned notes that Defendants have submitted no privilege log in defense of their position.[4]

---

[3] As indicated by the arguments supporting their Third Motion to Compel Discovery, Plaintiffs specifically identified outstanding discovery matters from their Second Motion to Compel Discovery which concerned Requests for Production Numbers 3 – 5. Additionally, Plaintiffs have represented that they sought "***complete***" responses to Requests for Production Numbers 1 and 2, which included: monthly continuous quality improvement ("CQI") analyses; pharmaceutical reviews; documentation from regular CQI meetings; documentation from monthly meetings with the contractor, including sign in sheets, written reports, agenda; 2019 year end reports (which should include all monthly reports); 2019 year end summary; mortality reviews; investigations of contractor employees; as well as a complete set of responsive documents related to Wexford's provision of care at the Northern Regional Jail. (See, ECF No. 257 at 5)

[4] It bears mentioning that despite Defendants' objections that some of Plaintiffs' requests for production seek privileged or confidential information, the undersigned notes that a protection order had been entered in this case on November 19, 2019 (ECF No. 56) but no privilege log has been provided by Defendant outlining its objections on these bases. It is known that a party who seeks such protections bears the burden of establishing the confidential nature

Accordingly, the Court **ORDERS** Defendants to fully and meaningfully respond to Plaintiffs' outstanding discovery requests <u>**no later than August 3, 2020**</u>.

### Rule 37 Implications

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provide that when a motion to compel is granted, the court "must" order the party whose conduct necessitated the motion to pay the reasonable expenses incurred in prosecuting the motion. The undersigned notes that in their response in opposition to Plaintiffs' second motion to compel, Defendants indicated that the Court could alternatively "extend the time for the parties to try and work out their differences" concerning Plaintiffs' Requests for Production Numbers 3-5. (See ECF No. 159 at 6; see also ECF No. 251 at 2) The undersigned further notes that Defendants' alternate request for additional time to address these outstanding discovery issues was made in *March*, however, it appears that little or no efforts were expended by Defendants to actually work on these differences until this Court was forced to intervene several months later. It is clear that unfortunately, due to Defendants' dilatory response[5] to Plaintiffs' reasonable requests for production of documents, Plaintiffs were forced to file yet another Motion to Compel Discovery.

Therefore, pursuant to Rule 37, Plaintiffs are invited to file the appropriate motion for their reasonable attorneys' fees and costs incurred in prosecuting the Motion(s) to Compel as well as the Reply, and are further instructed to outline the reasons why these fees and costs are appropriate and provide the Court with an accounting of the time counsel spent in prosecuting the Motion(s)/Reply. Defendants shall be allowed to file an appropriate pleading setting forth why this

---

of the information and the harm associated with its disclosure; in any event, the Court will determine the degree of protection required. See, generally, <u>Ohio Valley Environmental Coalition v. Elk Run Coal Co., Inc.</u>, No. 3:12-cv-00785, 291 F.R.D. 114 (April 11, 2013) (Eifert, M.J.).

[5] It appears to the undersigned that several of issues raised in Plaintiffs' Second and Third Motions to Compel Discovery concerned outstanding production requests have been pending since November 2019 and March 2020 (See, e.g., ECF Nos. 57, 131, 150, 151).

11

Court should not issue Plaintiffs' reasonable attorneys' fees and costs and any other objections to the accounting of time filed by Plaintiffs. Plaintiffs' pleading shall be filed within **14 days**. A response by the Defendants shall be filed within **7 days** after the Plaintiffs' pleading. The Plaintiffs may file a reply within **3 days** after the Defendants' response.

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the ruling set forth above on this non-dispositive Motion may be contested by filing within 14 days, objections to this Order with District Judge Robert C. Chambers. If objections are filed, the District Court will consider the objections and modify or set aside any portion of the Order found clearly to be erroneous or contrary to law.

The Clerk is requested to distribute a copy of this Order to all counsel of record.

**ENTER: July 27, 2020.**



Omar J. Aboulhosn
United States Magistrate Judge