IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JOHN BAXLEY, JR., et al.

              Plaintiffs,

v.                                        CIVIL ACTION NO. 3:18-1526

BETSY JIVIDEN, in her official capacity
as Commissioner of the West Virginia
Division of Corrections and Rehabilitation and
WEST VIRGINIA DIVISION OF CORRECTIONS
AND REHABILITATION, et al.

              Defendants.

**MEMORANDUM OPINION AND ORDER**

After granting Plaintiffs' Counsel's Motion to Withdraw and Hold the Motion for Summary Judgment pending against Named Plaintiffs Eric L. Jones and Amber Arnett, the Court held the Motion for Summary Judgment directed at Jones and Arnett in abeyance for thirty days. ECF No. 316. Recognizing that Plaintiffs may not have received adequate notice of their *pro se* status and the pending motion, the Court issued separate orders notifying Plaintiffs Jones and Arnett of the pending motion and their right to file a responsive memorandum. ECF No. 346; ECF No. 347. The Court provided Plaintiffs Jones and Arnett an additional seven days to file responses in opposition to the Defendants' motion. *Id.*

As Plaintiff Jones and Arnett have failed to file any responsive memoranda or pleadings, the issue now before the Court is whether Plaintiffs have failed to prosecute their civil action. For the following reasons, the Court finds that Plaintiffs Jones and Arnett have failed to exhibit an

intent to proceed as Named Plaintiffs in this class action, and therefore the Court **DISMISSES** the claims brought by Plaintiffs Eric L. Jones and Amber Arnett with prejudice.

## I. Background

Plaintiffs Jones and Arnett are listed as Named Plaintiffs in a putative class action against regarding medical and mental health treatment in West Virginia Regional Jails. ECF No. 67. On July 17, 2020, Defendants filed a Motion for Summary Judgment as to these plaintiffs. ECF No. 260. In their Motion, the Defendants claimed that Mr. Jones had been released from custody on May 19, 2020; that he had failed to appear for his noticed deposition; and that Plaintiffs' counsel had "been unable to speak with him to re-schedule his deposition." *Id.* at 1–2. Defendants also claimed that Ms. Arnett was released from custody on or about June 4, 2020 and that her counsel had lost contact with her. *Id*. at 2.

On August 7, 2020, Plaintiffs' Counsel moved to hold the Motion for Summary Judgment in temporary abeyance noting that Counsel anticipated filing motions to withdraw from representation. ECF No. 309. Three days later, Counsel filed motions to withdraw from representation of both Plaintiffs. Counsel stated that Plaintiff Jones had obtained gainful employment after his release from custody and that his employment prevented his participation in a deposition and that "[b]y being unable to participate, Plaintiff has effectively indicated an intent to withdraw as a plaintiff in this matter." ECF No. 310, at 1. With regard to Plaintiff Arnett, Counsel stated that she had been unable to make contact with her since her release. ECF No. 311. On August 12, 2020, The Court granted all three motions and held the Motion for Summary Judgment in temporary abeyance for thirty days. ECF No. 316.

On August 24, 2020, the Court issued orders advising Plaintiffs Arnett and Jones that the Motion for Summary Judgment was pending against them and that they had a right to file a

response to the motion. ECF No. 346; ECF No. 347. Plaintiffs were given until October 1, 2020 to file responsive memoranda. To date, neither Plaintiff has filed any documents with the Court.

## II. Discussion

Federal Rule of Civil Procedure 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). This rule solidifies the principle "that courts must have the authority to control litigation before them." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). Although the rule does not explicitly provide the power for a court to dismiss a case *sua sponte*, district courts have the inherent authority to dismiss a case for failure to prosecute without waiting for a defendant's motion. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) ("Neither the permissive language of the Rule—which merely authorizes a motion by the defendant—nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.").

In this case, the Court is satisfied that Counsel for the Named Plaintiffs was diligent and made reasonable efforts to maintain contact with Plaintiff Arnett after her release from custody. The Court also agrees with Counsel that Plaintiff Jones's failure to participate in discovery after his release indicates an intent to withdraw as a named plaintiff in this action. Since Counsel withdrew from representation, the Court has received no indication from Plaintiff Arnett or Jones that suggests they intend to continue *pro se* or with new counsel. Consequently, the Court concludes that these Plaintiffs have abandoned their claims.

## III. Conclusion

Given the totality of the circumstances, the Court **FINDS** that Plaintiffs Jones and Arnett

- 4 -

have failed to prosecute their case. Accordingly, the Court **DISMISSES with prejudice** Plaintiffs Jones and Arnett's claims from this action. The Court does not reach consideration of Defendants' Motion for Summary Judgment, ECF No. 260. The Motion is therefore **DENIED AS MOOT**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: October 29, 2020

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE