## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

JOHN BAXLEY, JR.,
EARL EDMONDSON,
JOSHUA HALL,
DONNA WELLS-WRIGHT,
HEATHER REED, and
DANNY SPIKER, JR.,
on their own behalf and
on behalf of all others similarly situated,

                Plaintiffs,

v.                               CIVIL ACTION NO.  3:18-1526
                               (Consolidated with 3:18-1533 and 3:18-1436)

BETSY JIVIDEN, in her official capacity as
Commissioner of the West Virginia Division of
Corrections and Rehabilitation and
THE WEST VIRGINIA DIVISION OF
CORRECTIONS AND REHABILITATION

                Defendants.

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's[1] Motion to Strike Exhibit 10 to Plaintiff's Motion for Class Certification. ECF No. 301. For the reasoning provided herein, the Court **DENIES** the Defendant's Motion.

### I.      BACKGROUND

Exhibit 10 to Plaintiffs' Motion for Class Certification is the Deposition of Susie Christian.

---

[1] At the time this Motion was filed, it was brought on behalf of Defendant Jividen and Defendant West Virginia Division of Corrections and Rehabilitation ("WVDCR"). Since that time, Plaintiffs voluntarily dismissed WVDCR as a party to this action. *See* ECF No. 302, at 1, n.1. The dismissal of WVDCR will be addressed more fully in the Court's order on the Defendant's numerous motions for summary judgment.

Exhibit 10, ECF No. 264-11. The deposition was taken in a case captioned *Ronnie Lee Hammonds v. Kim Wolfe, et al.*, No. 3:18-cv-1377. In *Hammonds*, an inmate at Western Regional Jail ("WRJ") sued the Superintendent of the jail, PrimeCare Medical,[2] Susie Christian, and additional unnamed employees of WRJ and PrimeCare. Mot. Strike 2, ECF No. 301. Hammonds's complaint alleges that while housed at WRJ he was forced to sleep on the floor of a cell "in an inch of standing water that was contaminated by human waste and mold." First Am. Compl. ¶1, *Hammonds v. Wolfe*, No. 3:18-cv-001377. Hammonds claims that he developed an infection after he was bit by an insect and that despite "repeated requests for medical assistance to both Correctional Officers and PrimeCare nurses, no assistance was provided for approximately a week, at which point Plaintiff's knee had become septic and he had to be rushed to an outside hospital where he underwent multiple operations." *Id.* Susie Christian is a nurse who works for PrimeCare. *Id.* at ¶ 8. In his suit, Hammonds claimed that Christian "was responsible for providing medical care to [Hammonds] and other inmates at [WRJ]." *Id.* During her deposition, Christian made several statements about her employment.

To support their Motion for Class Certification, Plaintiffs use Christian's deposition from *Hammonds* to bolster the following claims: first, that the personnel of West Virginia Division of Corrections and Rehabilitation's ("WVDCR") medical contractors are not trained on "PrimeCare or DCR policies, or accreditation standards," and second, that WVDCR's "contractors do not advise DCR of an inmate's psychiatric or medical condition." Mem. Supp. 4, n.4, 13, ECF No. 279. Defendant moved to strike the exhibit, asserting that it violates Rule 32 of the Federal Rules of Civil Procedure and Rule 804 of the Federal Rules of Evidence. Mot. Strike 1, ECF No. 301.

## II.    LAW AND ANALYSIS

---

[2] WVDCR contracts out medical care to two contractors, PrimeCare Medical and Wexford. PrimeCare provides services at nine out the ten regional jails, including WRJ, the jail at issue in *Hammonds*.

Both Rule 32 of the Federal Rules of Civil Procedure and Rule 804 of the Federal Rules of Evidence govern the use of former testimony of a witness. These rules act independently of each other. *See United States v. Vespe*, 868 F.2d 1328, 1338–39 (3d Cir. 1989). Each rule, therefore, must be analyzed separately.

## A.  Federal Rule of Civil Procedure 32(a)(8)

The use of depositions in court proceedings is governed by Rule 32 of the Federal Rules of Civil Procedure. Subsection (8) provides that depositions taken in earlier actions "may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action . . . ." Fed. R. Civ. P. 32(a)(8).

While Rule 32 would prevent the use of some depositions at trials or hearings, "many courts have rejected the notion that depositions that would otherwise violate Rule 32 would be wholly barred from court's consideration 'at a hearing or proceeding at which evidence in affidavit form is admissible,' including class certification hearings." *Baugh v. Fed. Savings Bank*, No. CV SAG-17-1735, 2020 WL 5747164, at *5 (D. Md. Sept. 25, 2020) (quoting *Palm Bay Imports, Inc. v. Miron*, 55 F. App'x 52, 56 (3d Cir. 2003)). Accordingly, courts and other authorities have found that Rule 32 "governs when a deposition may be used in lieu of live testimony" and is not controlling in other contexts. *Combs v. Cordish Companies, Inc.*, No. 14-0227-CV-W-ODS, 2015 WL 438050, at *2 (W.D. Mo. Feb. 3, 2015) (citing *Niver v. Travelers Indem. Co. of Ill.*, 430 F. Supp. 2d 852, 863–66 (N.D. Iowa 2006); 8A Wright, Miller & Marcus, Fed. Prac. & Proc. Civ. § 2142)).

While Rule 32(a)(8) may bar the Plaintiffs from using Susie Christian's deposition at trial or at an evidentiary hearing, the Rule is not applicable to the Plaintiffs' Motion for Class

Certification. Accordingly, the Court denies Defendant's Motion to Strike based on Rule 32.

## B. Federal Rule of Evidence 804

Hearsay is generally not admissible in court proceedings. Fed. R. Evid. 802. Rule 804 provides an exception permitting parties to admit "former testimony" that was given in a different proceeding if the declarant is currently "unavailable as a witness" and when the testimony is "offered against a party who had – or, in a civil case, whose predecessor in interest had – an opportunity and similar motive to develop it by direct, cross, or redirect examination." Fed. R. Evid. 804(b).

By its terms, Rule 804 might arguably prohibit the admission of Susie Christian's deposition at trial or another proceeding before the Court. To be admissible, the Plaintiffs would need to show that she is "unavailable" under the Rules of Evidence. Second, Plaintiffs would have to establish that the defendant in *Hammonds* was a "predecessor in interest" who had a "similar motive to develop [Christian's testimony] by direct, cross, or redirect examination." *See id.* Although it is the Superintendent of Western Regional Jail, and not the Commissioner of the WVDCR, that is named as the defendant in *Hammonds*, it is not clear to the Court that Plaintiffs would necessarily fail at establishing that the defendant in that case had a sufficiently similar motive to develop Christian's testimony. Regardless, the Court is not required to make that determination to resolve the Defendant's Motion.

The Fourth Circuit has not provided district courts with guidance as to whether hearsay, or the Rules of Evidence in general, apply to motions for class certification. District courts have come to differing conclusions. *See Todd v. XOOM Energy Md., LLC*, No. GJH-15-154, 2020 WL 4784767 (D. Md. Aug. 18, 2020) (finding that the Rules of Evidence are applicable but applying a "relaxed" approach because courts are able to consider the admissibility of evidence when

"determining whether plaintiffs have met the requirements of Rule 23 with sufficiently reliable evidence") (citing *Zuniga v. Bernalillo Cnty.*, 319 F.R.D. 650, 660, n.5 (D.N.M. 2016)); *Souter v. Equifax Info. Servs. LLC*, 299 F.R.D. 126, 129–33 (E.D. Va. 2014) (finding that a motion for class consideration is a "proceeding" under the Federal Rules of Evidence and striking an affidavit under Rule 602 where the declarant lacked personal knowledge); *Brandriff v. Dataw Island Owners' Ass'n*, No. CV 9:07-3361-CWH, 2010 WL 11534520, at *6 (D.S.C. Aug. 6, 2010) ("[I]n making a decision on class certification, it can consider evidence that would be inadmissible at trial."). Recognizing that the applicability of the Rules of Evidence in this context remains up for debate, the Court ultimately finds that it need not decide that issue today.

As the Plaintiffs note, courts regularly consider affidavits when deciding motions for class consideration even though the affidavits themselves would not be admissible at trial. *See* Pls.' Resp. 3, ECF No. 331 (citing *Trevizo v. Adams*, 455 F.3d 1155, 1160 (10th Cir. 2006) ("[P]arties may submit affidavits even though affidavits are often inadmissible hearsay at trial on the theory that the same facts may ultimately be presented at trial in an admissible form.")). Defendant argues that Christian's testimony is not like "a reliable affidavit provided as a placeholder for the same testimony that will be offered by the same witness at trial," but she fails to support this assertion other than to state the use of the deposition is "improper" and "unfair." Def.'s Reply 3, ECF No. 335.

While Plaintiffs' awareness of Ms. Christian's deposition is arguably an example of fortunate happenstance,[3] the fact of the matter remains that Ms. Christian is—or at least was at the time of her deposition—employed by one of Defendant's contractors. She provided medical care to the putative class members, and she has firsthand knowledge of the statements made in her

---

[3] Counsel for Mr. Hammonds is also counsel for Plaintiffs in the instant case.

deposition. The Defendant has presented no reasonable justification as to how her testimony lacks reliability or why she would be prohibited from testifying at trial.

While the entirety of Christian's deposition would not be admissible (or even relevant) in the instant case, the excerpt provided by the Plaintiffs in support of class certification is limited to (1) Christian's training on PrimeCare, WVDCR, and National Commission on Correctional Health Care policies and standards and (2) her statements suggesting that PrimeCare does not communicate with WVDCR or correctional staff about the healthcare needs of inmates. This testimony is certainly relevant to the claims brought by the Plaintiffs, as their class actions claims are largely founded upon inadequate medical treatment of inmates in West Virginia's Regional Jails. Although the deposition itself may not be admissible at trial, the Court does not see why Susie Christian herself could not testify to the same at trial in this case. Consequently, the Court finds that her deposition testimony is functionally no different than the other numerous affidavits submitted as exhibits in this case and that it may be considered by the Court when deciding Plaintiffs' Motion for Class Certification.

### III.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Strike. ECF No. 301.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        December 2, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE