IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JOHN BAXLEY, JR.,
EARL EDMONDSON,
JOSHUA HALL,
DONNA WELLS-WRIGHT,
HEATHER REED, and
DANNY SPIKER, JR. on their own behalf
and on behalf of others similarly situated,

                Plaintiffs,

v.                                        CIVIL ACTION NO.   3:18-1526

BETSY JIVIDEN, in her official capacity
as Commissioner of the West Virginia
Division of Corrections and Rehabilitation,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is "Defendant's Ojbection [sic] to Magistrate Judge's Ruling Denying 'Motion for Protective Order Objections to Rule 34 Notice of Inspection' and Granting Plaintiffs' 'Motion to Extend Deadline to Permit Limited Rule 34 Inspection by Less Than Two Weeks'" (ECF No. 519) and Defendant's Motion to Stay (ECF No. 520). For the reasons herein, the Court **DENIES** the Objection (ECF No. 519) and **AFFIRMS** Magistrate Judge Aboulhosn's Order. Accordingly, Defendant's Motion to Stay (ECF No. 520) is **DENIED AS MOOT**.

**I. FACTUAL BACKGROUND**

This action is a certified class action on behalf of all incarcerated people in West Virginia jails, regarding Defendant's alleged deliberate indifference to serious medical needs and failure to provide adequate mental and medical health care during incarceration. This case has been rife with

contentious discovery issues, including Defendant's objections to inspection of its facilities on similar grounds to those presented, both of which were overruled. *See* Orders, ECF Nos. 420, 447.

Relevant here is Plaintiffs' most recent Notice of Rule 34 Inspection, which seeks to allow their expert, Dr. Venters, to conduct additional inspections at the jails in light of changed COVID-19 policies. ECF No. 507. This notice was filed after the course of litigation rendered Plaintiffs' older inspections stale, as detailed by this Court previously. *See* Order Denying Plaintiffs' Motion to Enforce Consent Order, ECF No. 503. Plaintiffs subsequently withdrew their Renewed Emergency Motion for Preliminary Injunction (ECF No. 505), which this Court granted (ECF No. 506). In response to the Notice of Inspection (ECF No. 507), Defendant filed her objections to the notice and an Expedited Motion for a Protective Order (ECF No. 509) which was referred to Magistrate Judge Aboulhosn. Plaintiffs then also filed a Motion to Extend Deadline to permit inspections past the original deadline contemplated by the scheduling order. ECF No. 514. Magistrate Judge Aboulhosn considered the briefing of the parties and held a motions hearing on the protective order and extension on January 14, 2022. ECF No. 516. After the hearing, Magistrate Judge Aboulhosn entered an order which denied Defendant's Motion for Protective Order and granted Plaintiffs' Motion to Extend Deadline to permit the inspection. *See* Order, ECF No. 517. Magistrate Judge Aboulhosn also extended the expert witness disclosure deadlines. *Id.*

Defendant objected to this Order. ECF No. 519. In conjunction with the objection, she also filed a Motion to Stay, which sought to stay the inspections ordered by the Magistrate Judge, pending this Court's ruling on the objections. ECF No. 520. Plaintiffs have filed responses both to the Motion to Stay and the Objection. ECF Nos. 520, 521.

## II. LEGAL STANDARD

Under this Court's Standing Order pursuant to 28 U.S.C. § 636, all discovery matters are referred to magistrate judges. Defendant moves for review of the magistrate judge's order on a discovery issue pursuant to Federal Rule of Civil Procedure 72(a). The Rule provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days ... The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a).

"The Fourth Circuit has held that the 'clearly erroneous' standard is deferential and that findings of fact should be affirmed unless the reviewing court's view of the entire record leave the Court with 'the definite and firm conviction that a mistake has been committed.'" *Asbury v. Litton Loan Servicing, LP,* No. 3:07-0500, 2009 WL 973095, at *1 (S.D.W. Va. April 9, 2009) (quoting *Fed. Election Comm'n v. Christian Coal.,* 178 F.R.D. 456, 460 (E.D.Va.1998) (quoting *Harman v. Levin,* 772 F.2d 1150, 1153 (4th Cir.1985)); *United States v. U. S. Gypsum Co.,* 333 U.S. 364, 395 (1948) (same).

"When ... review of a non-dispositive motion by a district judge turns on a pure question of law, that review is plenary under the 'contrary to law' branch of the Rule 72(a) standard." *PowerShare, Inc. v. Syntel, Inc.,* 597 F.3d 10, 15 (1st Cir. 2010) (citing cases and other authority). "This means that, for questions of law, there is no practical difference between review under Rule 72(a)'s 'contrary to law' standard and [a] de novo standard." *Id.*

## III. ANALYSIS

Defendant filed a timely objection to Magistrate Judge Aboulhosn's Order on January 19, 2022. ECF No. 519. The Objection makes several arguments, including: (1) the Court's order

permitting Rule 34 inspections after the Rule 16 deadline was clear error because Plaintiffs did not show good cause to modify the scheduling order; (2) the Court failed to apply Rule 16 in determining whether to extend the deadline; and (3) Plaintiff's Response to the Motion for Protective Order does not address the legal standard for modification of a Scheduling Order and the requisite evidence necessary to modify the Court's Order was not presented or relied upon by the Magistrate Judge. The Court has carefully considered the discovery motions, orders of Magistrate Judge Aboulhosn, objections, and the memoranda submitted in support and opposition to the foregoing. Nondispositive orders of Magistrate Judges are afforded great deference, and the Court finds no clear error in Magistrate Judge Aboulhosn's rulings, nor were they contrary to law. Discovery of this case has been quarrelsome—it is clear from the record that the parties have disagreed at almost every turn. Nevertheless, despite the combative lawyering on both sides of this dispute, Magistrate Judge Aboulhosn's rulings have been well-reasoned and fair.

Defendant's contentions can all be addressed by the same analysis because she essentially contends that the Magistrate Judge's decision should have been governed by Rule 16 of the Federal Rules of Civil Procedure and its attendant good cause standard. Federal Rule of Civil Procedure 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." *Montgomery v. Anne Arundel Cnty.*, 182 F. App'x 156, 162 (4th Cir. 2006) (per curiam). This good cause standard "focuses on the timeliness of the amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party." *Id*. (internal citation omitted). And "while the focus of the good cause inquiry is upon the moving party's reasons for seeking modification, another important consideration for a [] court deciding whether Rule 16's good cause standard is met is whether the opposing party

will suffer prejudice by virtue of amendment." *Poindexter v. Jividen*, No. 3:18-1511, 2020 WL 1814537, at *2 (S.D.W. Va. Apr. 9, 2020) (internal quotation marks and citations omitted).

Here, Magistrate Judge Aboulhosn, in his Order, noted that there were "substantially changed conditions or circumstances at the jails" and that "Plaintiffs point out that this Court has previously denied Defendant's objections to similar site inspections and state that Defendant's conduct has only caused delays; therefore any issues related to timeliness is caused by Defendant," a position it found to be "reasonable." ECF No. 517 at 2-3. This speaks to both Plaintiffs' diligence and changed conditions forming good cause.[1] Additionally, Plaintiffs noticed their inspections just three weeks after the adverse ruling on the motion to enforce settlement and two weeks (which included the winter holidays) after they noticed their withdrawal of the motion for preliminary injunction in light of the need for additional inspection. Further, Plaintiffs specifically noted that Dr. Venters was not able to perform the inspections until January 24, 2022, at the earliest, and their motion for extension was made prior to the deadline of inspection's passing. Further, Magistrate Judge Aboulhosn found that inspection would not prejudice Defendant, but that Plaintiffs "class action is dependent upon presenting evidence and will be severely prejudiced if their expert is prevented from inspecting these locations where ostensibly, Defendant has enacted revised measures to address Covid." ECF No. 517 at 2. Consideration of prejudice to parties was also appropriate here and cuts in favor of finding good cause to modify the Scheduling Order.

---

[1] This Court also notes that, were it to conduct a de novo review of good cause (and thus Plaintiffs' diligence) it would very likely find its existence. Defendant's litigation tactics have placed Plaintiffs in this unique procedural posture and resulted in Plaintiffs' accompanying short notice of their Motions.

## IV. CONCLUSION

The Federal Rules of Evidence and the case law of this Circuit give magistrate judges substantial discretion over nondispositive matters. *See* Fed. R. Civ. P. 72(a); *Harman,* 772 F.2d at 1153. This Court is not disposed to overrule orders of a magistrate judge where there are not obvious errors of a substantive nature or clear mistakes of law. There is sufficient evidence in the record to support Magistrate Judge Aboulhosn's finding that good cause existed and his subsequent decisions to deny the Protective Order and grant the Motion to Extend and modify the Scheduling Order. Accordingly, the Defendant's Objection and Appeal (ECF No. 519) is **DENIED**. Magistrate Judge Aboulhosn's Memorandum Opinion and Order (ECF No. 517) is **AFFIRMED**. Given that this Court has ruled on the Objections, the attendant Motion to Stay (ECF No. 520) is **DENIED AS MOOT.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: January 20, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE