IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

JOHN BAXLEY, JR., et al.,

        Plaintiffs,

v.                                                Civ. Act. No. 3:18cv01526

BETSY JIVIDEN,

        Defendant.

## ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND NOTICE TO CLASS

On July 1, 2022, the parties, by counsel, jointly moved this Court to enter a preliminary approval of the proposed settlement in this certified class action. As set forth in detail in the joint motion and its attachments (Dkt. 653), the parties have reached a proposed settlement in this matter, that includes implementation of a new medical services contract by the West Virginia Division of Corrections and Rehabilitation (DCR), establishment of internal auditing and review of that medical services contract by DCR, and ongoing engagement with counsel for the Plaintiff Class over a two-year period, regarding the implementation of the new medical services contract and DCR's internal auditing and review thereof. The agreement further includes a small payment to each named class representative as a service award, and payment to counsel for the Plaintiff Class for a reasonable award of attorney fees and costs. In addition, the parties jointly moved this Court to approve a notice to the class, set a date for a fairness hearing, and enter a protective order to govern the production of confidential information during the two-year engagement period.

Under Rule 23(e)(2) of the Federal Rules of Civil Procedure,

> The court must direct notice in a reasonable manner to all class members who would be bound by the proposal if giving notice is justified by the parties' showing

that the court will likely be able to (i) approve the proposal under Rule 23(e)(2);
and (ii) certify the class for the purposes of judgment on the proposal.

Here, the class has already been certified by order of this Court entered on December 21, 2020. (Dkt. 358.) The Court finds that preliminary approval of the proposed class action settlement is appropriate because each of the Rule 23(e)(2) factors has been met: (1) the class representatives and class counsel have adequately represented the class; (2) the proposal was negotiated at arm's length; (3) the relief provided is adequate; and (4) the proposal treats class members equitably relative to one another.

Accordingly, the Court **GRANTS** the parties joint motion for preliminary approval of the class action settlement, to the extent that it seeks preliminary approval and not final approval. ECF No. 653. The Court further **APPROVES** the proposed notice to the class, attached to the parties' joint motion as Ex. B (Dkt. 653-2), and **ORDERS** that said proposed notice be published to the class as follows: within seven days of the Court approving this settlement and proposed notice, DCR shall: (1) post the notice in each housing unit in each of the ten regional jails in such a manner as to make the notice visible to all class members and in the location(s) where notices are customarily posted; (2) hand deliver a copy of the notice to all class members who are not able to easily see the posted notices, such as those who are in segregation, suicide watch, quarantine, isolation, booking, or lockdown; and (3) provide, on request, a copy of the signed settlement agreement between the parties, attached as Exhibit A to the parties' joint motion (Dkt. 653-1), a copy of the parties' joint motion (Dkt. 653), and/or a copy of the parties' joint motion for attorney fees (Dkt. 654). The Court notes that, as docketed, Ex. B does not contain necessary deadlines; for clarity's sake, the Court will file the updated copy, with deadlines, with the Clerk of the Court.

The Court further **ORDERS** that the notice inform class members that that any comments

2

regarding the fairness of the settlement must be submitted on or before **August 15, 2022.**

The Court will conduct a fairness hearing on the proposed class action settlement on **September 27, 2022** at **10:00 a.m.** at the **Huntington, West Virginia** point of holding court. The Court directs counsel for all parties to appear at that time, prepared to address any objections received by class members during the notice period. **IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: 7/14/22

ROBERT C. CHAMBERS
UNITED STATE DISTRICT JUDGE

Agreed to by:

/s/ Lydia C. Milnes
Lydia C. Milnes, State Bar No. 10598
Bren J. Pomponio (WVSB No. 7774)
Lesley M. Nash (WVSB No. 14158)
Mountain State Justice, Inc.
1029 University Ave., Ste. 101
Morgantown, WV 26505
Telephone: (304) 326-0188
Facsimile: (304) 326-0189
lydia@msjlaw.org
*Counsel for Plaintiffs*

/s/ William E. Murray
William E. Murray (WVSB #2693)
Jaden P. Rhea (WVSB #13454)
Anspach Meeks Ellenberger LLP
500 Virginia Street, East, Suite 525
Charleston, WV 25301
Telephone: 304-205-8063
Facsimile: (304)205-8062
wmurray@anspacchlaw.com
jrhea@anspachlaw.com
*Counsel for Commissioner Betsy Jividen*