IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

JOHN BAXLEY, JR., et al.,
on behalf of a class of similarly
situated individuals,

        Plaintiffs,

v.                                      Civil Action No. 3:18cv01526
                                       Honorable Robert C. Chambers

BRAD T. DOUGLAS,
in his official capacity as
Acting commissioner,

        Defendant.

## ORDER APPROVING CLASS ACTION SETTLEMENT AND ATTORNEY FEES

Before the Court are two joint motions filed by counsel: one seeking approval of the class action settlement and one seeking approval of attorney fees. [Dkt. Nos. 653 and. 654.] Counsel have also jointly submitted a response to the statements received from class members in response to the proposed settlement. [Dkt. No. 682.] Having reviewed these documents, held a fairness hearing, and taken the matter under submission, the Court **GRANTS** the Joint Motion for Final Approval of Class Action Settlement and **GRANTS** the Joint Motion for Approval of Attorney Fees.

**I.    BACKGROUND**

    **A. Procedural History**

A group of people incarcerated at Western Regional Jail filed this case pro se in 2018. Counsel for Plaintiffs noticed their appearance in 2019 and, on April 25, 2019, Plaintiffs filed the First Amended Class Action Complaint for Injunctive and Declaratory Relief. [Dkt. No. 18.]

1

Named Plaintiffs, a group of individuals who were, at the time of filing, incarcerated in various West Virginia Regional Jails, alleged that Defendant failed to provide the minimum necessary medical and mental health treatment to inmates housed in West Virginia's regional jails. In December 2019, Plaintiffs filed their Second Amended Complaint, seeking solely injunctive and declaratory relief for a putative class of people incarcerated in the ten West Virginia regional jails. [Dkt. 67.]

After extensive discovery and a hearing on a motion for preliminary injunction relating to COVID policies and procedures, in May 2020, the parties entered a joint notice of voluntary dismissal of Count III of the Second Amended Complaint, concerning conditions of confinement at Western Regional Jail, and in July 2020, Defendant filed motions for summary judgment against each named plaintiff and Plaintiffs filed a motion for class certification on the remaining two counts in the complaint. [*see* Dkts. 223, 260-328.]

In December 2020, the Court ruled on the motions for summary judgment. The Court denied summary judgment as to all remaining class representatives regarding Count I for deliberate indifference to serious medical need; the Court granted summary judgment to Defendant on the claim for violations of the Americans with Disabilities Act (ADA) as to all class representatives except for Donna Wells-Wright, whose claims survived. [Dkt. 358.] Also in December 2020, the Court granted Plaintiffs' motion for class certification as to Count I for deliberate indifference to serious medical need and certified a class of "All persons who are, or who will be, admitted to a jail in West Virginia." [Dkt. 357 at 3.] The Court withheld judgment regarding the certification of a class under Count II related to violations of the ADA and requested supplemental briefing on this issue. [Dkt. 357 at 17.]

Thereafter, in early 2021, the parties again engaged in extensive negotiations regarding the claims, including through mediation and extensive other communications. While the case was not resolved through these discussions, Defendant incorporated many of the discussed concepts into the Request for Proposals (RFP) for a new medical contract that was subsequently released, and implemented a new policy regarding the ADA in the jails. Simultaneously, Defendant sought interlocutory review of the class certification order with the Fourth Circuit Court of Appeals, which was denied. [Dkt. 369.]

The parties then resumed extensive discovery, including multiple depositions, exchanging thousands of pages of documents, and each party retaining multiple experts who each produced extensive reports after visiting the facilities, reviewing records, and (for Plaintiffs) meeting with numerous class members. The parties further briefed another motion for preliminary injunction, prepared for an evidentiary hearing, and further engaged in substantial motions practice regarding multiple discovery disputes. On April 21, 2022, the parties stipulated to dismissal of Count II, the claim for relief under the ADA, in light of implementation of the new ADA policy and the Court's orders on summary judgment. [Doc. 603.]

Effective May 1, 2022, Defendant entered a new contract for the provision of medical and mental health services, based on the RFP that had been issued after the parties' 2021 settlement discussions. Defendant filed a motion for summary judgment arguing, in part, that Plaintiffs' claims were moot as the result of the new contract. [Dkt. 622 at 20-23.] As of May 24, 2022, several motions were pending, including Defendant's motion for summary judgment and Plaintiffs' motion for sanctions relating to discovery disputes. [*See* Dkts. 622, 640.] A pretrial conference was set for June 6, 2022, and trial in this matter was set for June 28, 2022. [Dkt. 475.]

On May 24, 2022, the parties met in person for a settlement conference as required by the Court's scheduling order. Leading up to the conference, the parties had discussed the details and parameters of a potential successful resolution of the case, informed in large part by prior negotiations. At the conference, after substantial negotiation, the parties were able to reach full and complete resolution of this matter, which includes implementation of the new medical services contract by the West Virginia Division of Corrections and Rehabilitation (WVDCR), establishment of internal auditing and review of that medical services contract by WVDCR, and ongoing communication with counsel for the Plaintiff Class over a two-year period, regarding the implementation of the new medical services contract and WVDCR's internal auditing and review thereof.

The agreement further includes a payment to each named class representative as a service award, and payment to counsel for the Plaintiff Class for a reasonable award of attorney fees and costs. In addition, the parties jointly moved this Court to approve a notice to the class, set a date for a fairness hearing, and enter a protective order to govern the production of confidential information during the two-year engagement period.

On July 1, 2022, the parties jointly moved for preliminary approval of this settlement and approve notice to class. [Dkt. No. 656.] On July 11, 2022, this Court granted the motion, ordering that the proposed notice be published to the class for comment on or before August 15, 2022, and that a fairness hearing be conducted on September 27, 2022.

### B. The Settlement Agreement

A complete copy of the proposed settlement agreement was previously filed with this Court. [*See* Dkt. 653-1, Exhibit A.] The settlement terms are briefly summarized.

The settlement contains the implementation of a new medical services contract. WVDCR has entered a new medical services contract with one provider that will cover all of the jails. The contract incorporates much of the feedback provided by Plaintiffs during the drafting of the Request for Proposals. The new medical services contract contains several key terms that the parties believe will resolve the issues raised in this case. WVDCR has committed in the settlement agreement to continue to ensure that all terms of the contract are fully implemented and enforced.

WVDCR has committed to hiring two nurse surveyors and one fulltime physician to conduct internal auditing of its medical services contractor. Pursuant to the terms of the settlement agreement, this auditing will include both chart reviews as well as interviews of class members to determine whether their care is being accurately captured by the chart reviews.

WVDCR will provide Plaintiffs' counsel with reasonable access to all documents relevant to the implementation of the agreement on a monthly basis, for a two-year period, including the underlying documentation reviewed in conducting the WVDCR internal audits; policies and procedures; contract amendments and change orders; all audits from both outside accreditation entities and conducted within WVDCR; access to class member electronic medical records; documentation of medical and mental health personnel qualifications; and all death investigations, mortality reviews, psychological autopsies, serious incident reports, and continuous quality improvement documentation. WVDCR will further facilitate reasonable access to class members and facilities.

The parties have already begun the review process. The parties report that on August 31, 2022, Defendant provided Plaintiffs' counsel with the July 2022 monthly WVDCR internal report. Although the metrics are still being fully developed, this first monthly report included metrics selected jointly by both parties. Defendant has also instructed its medical contractor, Wexford, to

provide class member medical records to Plaintiffs' counsel upon request, and Plaintiffs' counsel has been able to obtain said records in a timely manner upon request from various jail facilities.

WVDCR has agreed to make a total payment of $600,000.00 to Mountain State Justice, Inc. within thirty days after approval of the settlement. This payment will include a service award of $2,000 for each named plaintiff, in recognition of the service, risk, and efforts expended in the pursuit of relief for all people incarcerated in West Virginia regional jails, and a payment of $588,000 to Plaintiffs' counsel, in resolution of class counsel's claim for an award of reasonable attorney fees and costs in litigation this action pursuant to 42 U.S.C. § 1988. As set forth in the contemporaneously filed motion for attorney fees, this sum is considerably less than the amount incurred by Plaintiffs' counsel to date, and will also enable Plaintiffs' counsel to continue to engage in the ongoing collaboration as set forth above.

### C. Notice and Class Response

On July 11, 2022, this Court ordered that class notice be published to the class within seven days of the order. [Dkt. No. 656.] The Court directed that notice be posted in each housing unit of each of the ten regional jails, and copies of the notice were to be delivered to all class members not easily able to see such posted notices. [*Id.*] Upon request by a class member, WVDCR was also to provide a copy of the signed settlement agreement [Dkt. No. 653-1], a copy of the parties' joint motion [Dkt. 653], and/or a copy of the parties' joint motion for attorney fees [Dkt. No. 654]. [*See* Dkt. No. 656.]

During the notice period, which ran until August 15, 2022, this Court received seventeen letters from class members. [*See* Dkt Nos. 660-676.] This Court received an additional six letters from class members following the close of the notice period. [*See* Dkt. Nos. 677-681, 684.]

On September 13, 2022, the parties jointly filed a response to the class member responses to the proposed settlement. [Dkt. No. 682.] Parties reviewed all letters, and defense counsel forwarded all letters to Defendant's staff for attention and investigation. Plaintiffs and Defendant recognized the time and effort exerted by class members to consider and respond to the Notice of Proposed Class Settlement, but jointly agreed that none of the letters raised a cognizable legal objection to the settlement, and requested this Court approve the settlement at the fairness hearing scheduled for September 27, 2022.

## II. FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

### A. Legal Standard

Before approving a class action settlement, the Court must, under Rule 23 of the Federal Rules of Civil Procedure, determine whether that settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The Fourth Circuit requires consideration of both the fairness and adequacy of a settlement. *Scardelletti v. Debarr*, 43 App'x 525, 528 (4th Cir. 2002). The Court should further "be satisfied that the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, and falls within the range of possible approval." *Adkins v. Midland Credit Management, Inc.*, 2022 WL 327739 1, 2 (S.D.W. Va. 2022) (citations omitted).

A class action settlement is fair when it "was reached as a result of good-faith bargaining at arm's length, without collusion." *In re Jiffy Lube Securities Litigation*, 927 F.2d 155, 159 (4th Cir. 1992). The Fourth Circuit has also held that "a reasonable judgment on the possible merits of the case is best achieved when all discovery has been completed and the case is ready for trial." *Id.* In considering the fairness of a proposed settlement, the Court must analyze:

> (1) the posture of the case at the time the settlement is proposed; (2) extent of discovery that has been conducted; (3) circumstances surrounding the negotiations; and (4) experience of counsel in the relevant area of class action litigation.

*Adkins*, 2022 WL 327739 at 2; *see also In re Jiffy Lube Securities Litigation*, 927 F.2d at 159. In considering the adequacy of a proposed settlement, the Court must analyze:

> (1) the relative strength of Plaintiff's case on the merits; (2) the existence of any difficulties of proof or strong defenses Plaintiff is likely to encounter if the case proceeds to trial; (3) the anticipated duration and expense of additional litigation; (4) the solvency of defendant and likelihood of recovery of a litigated judgement; and (5) the degree of opposition to the settlement.

*In re Jiffy Lube Securities Litigation*, 927 F.2d at 159.

### B. Discussion

This Court finds that the parties' proposed Class Action Settlement Agreement merits final approval. Both Plaintiffs' and Defendant's counsel are experienced in complex litigation, including class action litigation and prison litigation. Settlement was reached following the close of extensive discovery, approximately one month before trial in this case was scheduled to begin, giving both parties a clear understanding of the relative strengths and weaknesses of their positions. The proposed settlement is the product of well-informed, serious, and non-collusive negotiations, to which both parties dedicated significant time and energy.

Furthermore, the settlement treats class members equitably relative to one another. The resolution contemplated in the settlement seeks to provide improved medical and mental healthcare for all class members, whether they were aware of the action or not. The settlement additionally does not bind class members or prevent them from bringing their own causes of action related to any specific, individual injuries, making the settlement particularly valuable to Class Members "who, but for the settlement, would likely be unaware of the existence of their legal claims." *Adkins*, 2022 WL 327739 at 3. On the other hand, taking this matter to trial would have resulted in potential years of additional litigation, assuming the non-prevailing party would have appealed the outcome of the trial, and diverting the parties' time and energy away from their shared

goal of providing constitutionally mandated medical and mental health services to those in the custody of the West Virginia Division of Corrections and Rehabilitation.

### III. APPROVAL OF ATTORNEY FEES

The parties have also jointly moved for approval of attorney fees as part of the settlement. As discussed above, the settlement contemplates a total payment of $600,000. Of this sum, $2,000 is allocated to each of the six named class representatives, in recognition of the service, risks, and effort expended in the pursuit of this case over nearly four years.

The remaining $588,000 compensates Plaintiffs' counsel for costs and fees incurred over nearly four years of highly contested litigation. While the dollar amount is substantial, this figure is hundreds of thousands of dollars less than Plaintiffs actually incurred over the course of litigation.

This case involved complex issues of law and fact and included nearly four years of rigorous discovery and litigation. When considering the possibility for appeals, resolution of this litigation could have taken numerous additional years, with Plaintiffs' counsel bearing a substantial risk of nonpayment. Plaintiffs' counsel accepted representation of, at the time, a group of pro se, incarcerated plaintiffs raising complex constitutional claims; fronted the costs of litigation; and rigorously pursued injunctive and declaratory relief with no certainty for repayment. After nearly four years, counsel have achieved a settlement result that protects the interests of the class into the future.

The Court finds that consideration of all factors above supports the attorney fee award contemplated in the settlement.

### IV. CONCLUSION

Accordingly, the Court **GRANTS** the parties' joint motion for final approval of the class action settlement. The Court further **GRANTS** the parties' joint motion for approval of attorney fees.

All outstanding issues having been resolved, the Court further **ORDERS** that the above captioned action be placed on the Court's inactive docket for the two-year implementation period set forth in the settlement agreement, which shall expire on August 31, 2024.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: Sept 27, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

Agreed to by:

/s/
Lydia C. Milnes, (WVSB No. 10598)
Bren J. Pomponio (WVSB No. 7774)
Lesley M. Nash (WVSB No. 14158)
Mountain State Justice, Inc.
1029 University Ave., Ste. 101
Morgantown, WV 26505
Telephone: (304) 326-0188
Facsimile: (304) 326-0189
lydia@msjlaw.org
*Counsel for Plaintiffs*

/s/
William E. Murray (WVSB #2693)
Jaden P. Rhea (WVSB #13454)
Anspach Meeks Ellenberger LLP
500 Virginia Street, East, Suite 525
Charleston, WV 25301

Telephone: 304-205-8063
Facsimile: (304)205-8062
wmurray@anspachlaw.com
jrhea@anspachlaw.com
*Counsel for Acting Commissioner Brad Douglas*